UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS ANGEL CASTRO, | Case No.: 3:22-cv-00367-LRH-CLB |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM REUBART, *et al.*, | |
| Respondents. | |

*Pro se* Petitioner Luis Angel Castro has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter comes before this Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, this Court dismisses the Petition without prejudice because Castro's state-court post-conviction proceedings are ongoing.

**I.   BACKGROUND**

Castro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Luis Castro*, Case No. C-16-314092-1.[1] On March 28, 2019, the state court entered a judgment of conviction, pursuant to a guilty plea, for first-degree kidnapping resulting in substantial bodily harm. Castro was sentenced to life in prison. Castro appealed, and the Nevada Court of Appeals affirmed on August 12, 2020. Castro moved for rehearing, and the Nevada Court of Appeals denied the request on October 23, 2020. Remittitur issued on November 17, 2020.

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On June 7, 2021, Castro filed a state petition for writ of habeas corpus. *Luis Castro v. State of Nevada*, Case No. A-21-835827-W. The state court denied post-conviction relief on September 21, 2021. Castro filed a post-conviction appeal, and the Nevada Court of Appeals affirmed in part and reversed in part on June 13, 2022. Specifically, the Nevada Court of Appeals reversed the state district court's denial of Castro's claim that his counsel was ineffective during plea negotiations for advising Castro's parents that the four defendants would be prosecuted separately, and that Castro would receive a prison sentence of 15 to 25 years if he accepted his plea. The Nevada Court of Appeals remanded the case for the state district court to conduct an evidentiary hearing on the claim. The Nevada Court of Appeals also directed the state district court to reconsider whether the appointment of counsel was warranted. Remittitur issued on July 8, 2022. On remand, it appears that the state district court appointed counsel for Castro on August 16, 2022, and scheduled a status check for September 20, 2022.

On or about August 16, 2022, Castro initiated this federal habeas corpus proceeding. (ECF No. 1-1.) The court instructed Castro to either file an application to proceed *in forma pauperis* or pay the $5.00 filing fee. (ECF No. 3.) Castro timely did both. (ECF Nos. 3, 4.) Due to the payment of the filing fee, Castro's application to proceed *in forma pauperis* is denied as moot.

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Here, the Nevada Court of Appeals reversed the state district court's denial of one of Castro's claims, which is also included in his federal petition, and remanded the case for the state district court to conduct an evidentiary hearing on the claim. The state district court appointed counsel for Castro on the same date that his federal petition was filed: August 16, 2022. A status check is currently scheduled for next week, September 20, 2022, to apparently schedule the evidentiary hearing. The resolution of Castro's state post-conviction petition on remand could render his federal habeas petition moot. Accordingly, this federal petition shall be dismissed without prejudice to Castro filing a new federal habeas petition—in a new case with a new case number and a new, completed application to proceed *in forma pauperis* with the required financial information—following Castro fully exhausting his remaining claim.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the clerk file the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1).

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1) is **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to informally electronically service Respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and sending a notice of electronic filing to his office of the Petition (ECF No. 1-1), this order, and all other filings in this matter. No response is required from Respondents other than to respond to any orders of a reviewing court.

IT IS FURTHER ORDERED that the motion for leave to proceed in forma pauperis (ECF No. 5) and motion for appointment of counsel (ECF No. 6) are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter final judgment dismissing this action without prejudice and close this case.

DATED this 13th day of September 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT COURT